## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**KELSEY HARRINGTON**  **PLAINTIFF**

**V.**  **CIVIL ACTION NO.:** __3:22-cv-253-CWR-LGI__

**KOCH FOODS OF MISSISSIPPI, LLC**  **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff Kelsey Harrington and brings this action against her former employer, Defendant, Koch Foods of Mississippi, LLC, to recover damages for violations of her rights under the Family and Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.  Plaintiff, Kelsey Harrington, is an adult female resident of Hinds County, Mississippi.

2.  Defendant, Koch Foods of Mississippi, LLC, is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: CT Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION

3.  This Court has federal jurisdiction for actions that arise under the Family and Medical Leave Act of 1993 (FMLA).

4.  This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

5. Plaintiff is a female resident of Hinds County, Mississippi.

6. Plaintiff was hired on December 18, 2018, as a Forklift Operator/Allocator at Koch Foods of Mississippi LLC (KF).

7. There were over 50 employees of KF working at the location where Plaintiff worked.

8. During the year prior to her termination, Plaintiff worked well over 1,250 hours.

9. On May 11, 2021, Plaintiff suffered a knee injury on the job. She filed for and began receiving worker's compensation benefits.

10. On June 16, 2021, Plaintiff's medical provider, Dr. Tal Hendrix of Capitol Orthopedics in Flowood, sent documentation to KF placing Plaintiff on "sedentary leave," i.e., light duty.

11. This light duty included the restriction that Plaintiff should not drive or operate any kind of machinery.

12. On June 16, 2021, Plaintiff was called and informed by KF Employee Health Nurse Jeremy Belk that KF would accommodate her light duty restrictions.

13. Plaintiff responded that although she had been released to work on light duty, she was unable to driver herself to work due to the restriction, i.e., she could not drive a car.

14. During the last week of June 2021, Plaintiff called Payroll Officer Bobbye Weaver and explained that although KF had accommodated her light duty restrictions, Plaintiff was unable to drive to work by order of the restrictions itself.

15. Ms. Weaver responded that the situation would be addressed by Personnel Manager Bob Hudson.

16. On July 1, 2021, Mr. Hudson called Plaintiff and informed her that she was suspended due to job abandonment, i.e., since she was not coming to work.

17. On July 2, 2021, Mr. Hudson called and notified Plaintiff that she had been terminated effective June 20, 2021, due to job abandonment.

18. On July 20, 2021, Dr. Hendrix released Plaintiff from his medical care such that she could drive and, had she been informed of her rights under the FMLA, granted FMLA leave and not been terminated, Plaintiff would have been able to return to full status in her employment.

## CAUSE OF ACTION

## COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. The Defendant violated the FMLA by terminating Plaintiff's employment while under a physician's care after suffering a work-related knee injury which constituted a serious health condition as defined by the FMLA.

21. The Defendant violated the FMLA by not advising her of her rights under the FMLA, by not granting her leave pursuant to the FMLA (she only needed FMLA leave from July 1, 2021 through July 20, 2021) and by terminating Plaintiff due to Plaintiff being placed on light work duty by Dr. Tal Hendrix with restrictions that Plaintiff should not drive or operate any kind of machinery.

22.     Defendant terminated Plaintiff and interfered with her right to take federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*., as amended.

23.     It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

24.     As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

25.     The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

26.     Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up with all make-whole relief;
4. Liquidated damages;
5. Lost Benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney fees and costs; and
8. Such other relief as the Court deems just and appropriate.

THIS, the 11th day of May 2022.

Respectfully submitted,

KELSEY HARRINGTON, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com